### Brown *v.* Memphis & C. R. Co.

(*Circuit Court, W. D. Tennessee.* October 30, 1880.)

1. Constitutional Law — Inter-State Commerce — Railroads — Tennessee — Act 1875, c. 130.

    A state statute which abrogates all common-law remedies for the wrongful exclusion of a passenger from the cars of a railroad company is unconstitutional, so far as it relates to railroads running between two or more states, it being a regulation of inter-state commerce that the state has no power to make.

2. Carrier of Passengers — Female Passenger — Unchastity — Reasonable Regulation.

    A carrier of passengers may rightfully exclude a passenger whose conduct at the time is annoying, or whose reputation for misbehavior is so notoriously bad that it furnishes a reasonable ground to believe that the person will be offensive to other passengers; but the social penalties of exclusion of unchaste women from hotels, theaters, and other public places cannot be imported into the law of common carriers; nor can the carrier classify his passengers according to their respective reputations for chastity, whether they be men or women.

3. Same Subject—Ladies' Car—Equal Accommodations.

    A female passenger traveling alone is entitled to ride in the ladies' car, notwithstanding an alleged want of chastity, if her behavior is lady-like and proper, and she cannot be compelled to accept a seat in another car offensive to her because of smoking and bad ventilation; and this whether she be white or colored.

This was a common-law action for the wrongful exclusion of the plaintiff, a colored woman, from the ladies' car of the defendant's train, upon her refusal to take a seat in the smoking car. At the time of her exclusion the plaintiff held a first-class ticket over the defendant's road from Corinth, Mississippi, to Memphis, Tennessee, and her behavior while in the car was lady-like and inoffensive.

The defendant pleaded that the plaintiff was a woman of color, and that the company had a regulation excluding persons of color from the ladies' car, but providing equal accommodations in another car, which she refused to accept. This plea, however, was subsequently withdrawn, because the defendant as a matter of fact made no distinction as to color on its cars. After the withdrawal of this plea the court refused to entertain the question of color, and excluded it altogether from the jury, and charged that the case was to be tried precisely as if the plaintiff were a white woman excluded under similar circumstances. The defendant also pleaded that the plaintiff was a notorious and public courtesan, addicted to the use of profane language and offensive habits of conduct in public places; that the ladies' car was set apart exclusively for the use of genteel ladies of good character and modest deportment, from which the plaintiff was rightfully excluded because of her bad character.

It also appeared that an existing statute of the state of Tennessee (Act of March 24, 1875, c. 130, § 1, p. 216) contained the following provision:

"The rule of the common law giving a right of action to any person excluded from any hotel or public means of transportation, or place of amusement, is hereby abrogated; and hereafter no keeper of any hotel or public house, or carrier of passengers for hire, or conductors, drivers, or employes

of such carrier or keeper, shall be bound or under any obligation to entertain, carry, or admit any person whom he shall for any reason whatever choose not to entertain, carry, or admit to his house, hotel, carriage, or means of transportation, or place of amusement; nor shall any right exist in favor of any such persons so refused admission; but the right of such keepers of hotels and public houses, carriers of passengers, and keepers of places of amusement, and their employes, to control the access and admission or exclusion of persons to or from their public houses, means of transportation, and places of amusement, shall be as perfect and complete as that of any private person over his private carriage or private theater or place of amusement for his family."

*Inge & Chandler,* for plaintiff.

*Humes & Posten,* for defendant.

HAMMOND, D. J., charged the jury that this act of the legislature, so far as it abrogated the common-law right of action for wrongful exclusion from railroad cars on roads running between two or more states, was unconstitutional, because it was a regulation of commerce between the states, which the legislature had no right to make, the exclusive right to make it being by the constitution of the United States in congress. *Hall* v. *DeCuir,* 95 U. S. 485.

On the question of the plaintiff's character for chastity, he charged the same principles of law were to be applied to women as men in determining whether the exclusion was lawful or not; that the social penalties of exclusion of unchaste women from hotels, theaters, and other public places could not be imported into the law of common carriers; that they had a right to travel in the streets and on the public highways, and other people who travel must expect to meet them in such such places; and, as long as their conduct was unobjectionable while in such places, they could not be excluded. The carrier is bound to carry good, bad, and indifferent, and has nothing to do with the morals of his passengers, if their behavior be proper while traveling. Neither can the carrier

use the character for chastity of his female passengers as a basis of classification, so that he may put all chaste women, or women who have the reputation of being chaste, into one car, and those known or reputed to be unchaste in another car. Such a regulation would be contrary to public policy, and unreasonable. It would put every woman purchasing a railroad ticket on trial for her virtue before the conductor as her judge, and, in case of mistake, would lead to breaches of the peace. It would practically exclude all sensible and sensitive women from traveling at all, no matter how virtuous, for fear they might be put into or unconsciously occupy the wrong car.

The police power of the carrier is sufficient protection to other passengers, and he can remove all persons, men or women, whose conduct at the time is annoying, or whose reputation for misbehavior and indecent demeanor in public is so notoriously bad that it furnishes a reasonable ground to believe that the person will be offensive or annoying to others traveling in the same car; and this is as far as the carrier has any right to go. He can no more classify women according to their reputation for chastity, or want of it, than he can so grade the men.

The car in which the plaintiff was required to sit was used as a smoking car, and was at the time crowded with passengers, mostly emigrants, traveling on cheap rates, with many women and children. It was claimed by the company that its accommodations were as good as the ladies' car, and the plaintiff had no right to refuse it. On this point the court charged that the plaintiff was entitled to first-class accommodations, which meant that those tendered were to be equal in all respects to the best which the company offered on that train to other female passengers traveling alone as the plaintiff was. If being chaste she would have been entitled to ride in the ladies' car, she was entitled to ride in it notwithstanding the alleged want of chastity, if her behavior was lady-like; and having already acquired a seat in it she could not be excluded, nor was she compelled to accept a seat in the

other car, if, because of the smoking or bad ventilation or other causes, it was disagreeable to her, there being room for her in the ladies' car.

Verdict for plaintiff for $3,000.

NOTE. See *Brown* v. *Memphis & C. R. Co.* 4 FED. REP. 37.